FILED
2022 Mar-08  AM 08:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| HOLLIS BARRY HIGHFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  1:19-cv-02002-KOB-JHE |
| | ) | |
| SHERIFF GREENE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff Hollis Barry Highfield filed a *pro se* amended complaint pursuant to 42 U.S.C. § 1983, alleging violations of his rights under the Constitution or laws of the United States.  (Docs. 12 & 13).  On January 14, 2022, the magistrate judge entered a report recommending the court grant the defendants' motions for summary judgment and dismiss this action with prejudice.  (Doc. 53).  On January 27, 2022, Highfield filed objections to the report and recommendation.  (Doc. 54).

First, Highfield reasserts his claim that on at least three occasions—one of which lasted two weeks—he was without any medication for his COPD because his medication ran out.  (Doc. 54 at 1–2).  Highfield does not allege facts in his amended complaint establishing that the defendants were personally involved in these incidents, or otherwise implicate them.  (Docs. 12 & 13).  Rather, Highfield asserts that an unknown nurse allowed him to run out of his Qvar and Albuterol inhalers on

three different occasions for up to two weeks.  (Doc. 13 at 7, Highfield Aff.).  While Highfield alleges he informed defendant Screws of the unknown nurse's failure to provide him the medications, he does not claim to have any personal knowledge that Screws failed to take corrective action because of the nurse's errors.  (Doc. 13 at 7–8, Highfield Aff.).  Highfield acknowledges he received the medications.  (Doc. 13 at 7–8, Highfield Aff.).  At most, Highfield alleges jail medical staff was negligent in allowing his medication to run out, which is insufficient to state a constitutional violation.  *See Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (noting that accidental inadequacy, negligence in diagnosis or treatment, and medical malpractice do not rise to the level of an Eighth Amendment violation).

Next, Highfield asserts the medical defendants delayed treating him for COPD.  (Doc. 54 at 2–3).  An inmate claiming an unconstitutional delay in medical treatment "must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed."  *Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1188 (11th Cir. 1994), *overruled on other grounds by Hope v. Pelzer*, 536 U.S. 730 (2002).  Highfield has not placed any verifying evidence in the record to succeed on his delay-of-treatment claim. To the extent Highfield was in pain during those periods he was without his medication, he has not alleged facts associating the defendants with the unknown nurse's conduct in allowing his medications to run out, as explained below.

2

Highfield asserts the defendants' claim that he was prescribed an Advair inhaler after the Qvar inhaler failed to provide him with relief is contrary to Highfield's assertions and creates a question of fact. (Doc. 54 at 3). The record does not reflect that the defendants made such a statement, and Highfield offers no citation to this alleged statement. Highfield alleges in his amended complaint that Dr. Gurley prescribed him Advair and/or Incruse as long as his family was willing to purchase the medications and bring them to the jail. (Doc. 13 at 7, Highfield Aff.). On the occasions they could not, Highfield states Dr. Gurley prescribed him Qvar, which he complains was not as effective. (Doc. 13 at 4; Doc. 13 at 7, Highfield Aff.). Thus, Highfield has not demonstrated a "factual disagreement" concerning this issue as he contends. (Doc. 54 at 3).

Furthermore, Highfield complains the defendants did not state the dosage of Advair he was prescribed. (Doc. 54 at 3). Highfield does not allege in his amended complaint that the medical defendants failed to prescribe him the right dosage of Advair. (Docs. 12 & 13). Instead, Highfield's chief complaint is that the medical defendants did not provide him Advair and/or Incruse; his family had to pay for the medications and bring them to the jail; and when they could not, Dr. Gurley prescribed him Qvar, which was ineffective. (Doc. 13 at 4; doc. 13 at 7, Highfield Aff.). While the court appreciates that Highfield filed a *pro se* amended complaint, (docs. 12 & 13), and the *pro se* complaint must be held to a more lenient standard

3

than one drafted by an attorney, this liberal construction does not mean that the court has a duty to re-write the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006).

Highfield further charges that Greene and Gurley are liable in their capacities as supervisors, regardless of their personal liability. (Doc. 54 at 4). Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates based on *respondeat superior* or vicarious liability. *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). Rather, supervisory liability occurs *only* when the supervisor personally participates in the alleged unconstitutional conduct *or* when a causal connection exists between the supervisor's actions and the alleged constitutional violation. *See Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003). A causal connection is demonstrated when (1) a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so; (2) a supervisor's custom or policy resulted in deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed the subordinates to act unlawfully or knew they would act unlawfully and failed to stop them from doing so. *Id*. at 1234–35.

Highfield alleges Greene and Gurley maintained a custom or policy of denying medications to inmates. (Doc. 54 at 4). To establish a custom or policy, a plaintiff must allege facts showing "a persistent and wide-spread practice."

*McDowell v. Brown*, 392 F.3d 1283, 1290 (11th Cir. 2004); *Depew v. City of St. Marys, Ga.*, 787 F.2d 1496, 1499 (11th Cir. 1986).  A custom is a practice that is so settled and permanent that it takes on the force of law.  *See generally Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997).  A policy is a decision adopted by a ranking official that resulted in a constitution violation.  *Id*. Highfield has offered no evidence in support of his conclusory claim that Greene and Gurley implemented a custom or policy to deny medications to inmates.

Finally, Highfield argues that because he remains on probation in Cleburne County, at a minimum, he is entitled to injunctive relief barring the defendants from depriving him of his COPD medications in the future should he be detained again in the Cleburne County Jail.  (Doc. 54 at 4–5).   An inmate's transfer from a prison generally moots a § 1983 claim for injunctive relief. *See Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988) (there is no longer a "case or controversy" once the inmate has been transferred); *see also Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) ("Past exposure to illegal conduct does not constitute a present case or controversy involving injunctive relief if unaccompanied by any continuing, present adverse effects."). While a possibility may arise that Highfield could be incarcerated again in the Cleburne County Jail, any future incarceration there is too speculative to constitute a case or controversy. *See Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (prisoner's transfer rendered claim for injunctive relief moot, and the risk

5

of being transferred back to the jail, and suffering from the threatened injury, was too speculative). Thus, Highfield is not entitled to the injunctive relief he seeks.  So, the court OVERRULES all of Highfield's objections.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections to it, the court **ADOPTS** the magistrate judge's report and **ACCEPTS** his recommendation. Accordingly, the court will order that the defendants' motions for summary judgment be granted, the court finding no genuine issues of material fact exist.

The court will enter a separate Final Judgment.

DONE and ORDERED this 8th day of March, 2022.

**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE